Case 4:25-cv-00991   Document 8   Filed on 06/04/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
June 04, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MMA LAW FIRM, PLLC, | § | |
| | § | |
| *Debtor*, | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-991 |
| | § | |
| ALLIED WORLD INSURANCE COMPANY, | § | |
| | § | |
| *Appellant*. | § | |

## ORDER

Pending before the Court is MMA Law Firm, PLLC's ("MMA" or "Debtor") Motion for Reconsideration. (Doc. No. 6). Allied World Insurance Company ("Allied") responded in opposition. (Doc. No. 7). After consideration of the Motion, the response, and the law, the Court hereby **DENIES** MMA's Motion. (Doc. No. 6).

As discussed in the Court's prior order, Allied was MMA's legal malpractice carrier. Allied issued MMA a liability insurance policy for malpractice claims made between October 3, 2022 to October 3, 2023 (the "Policy"). MMA initiated the adversary proceeding against Allied alleging two causes of action: (1) "Declaration that the Policy and the Proceeds [of its malpractice policy] are the Property of the Estate;" and (2) "Turnover of Property of the Estate." MMA sought a judgment that the Policy *and* the proceeds of the Policy are property of the Estate.

The Court held that the proceeds of the Policy are not property of the Debtor as a matter of law. (Doc. No. 5). It based its finding, in part, on the Fifth Circuit opinion *Matter of Edgeworth*, 993 F.2d 51 (5th Cir. 1993). As such, it dismissed MMA's claims and re-referred the matter back to the bankruptcy court for further proceedings. (*Id.*).

MMA acknowledges that the Court has discretion to dismiss the Debtor's claims *sua sponte*. (Doc. No. 6 at 2). Nevertheless, MMA contends that the Court should vacate its prior dismissal because an exception to the rule created in *Matter of Edgeworth* applies. (*Id.* at 3). MMA cites *In re OGA Charters, L.L.C.*, 901 F.3d 599 (5th Cir. 2018). The facts of that case are radically different from the case at bar. There, a single vehicle accident gave rise to multiple claims on the insurance policy that threatened the debtor's estate with exposure beyond the limits of the policy. *Id.* at 601. The insurer of the debtor entered into settlements with only a few of the claimants. *Id.* Since those settlements would have exhausted the policy coverage, the bankruptcy court enjoined the insurer from paying out all of the proceeds to a select few of the claimants so as to not thwart the rights of the claimants who had not yet settled. *Id.* The issue before the Fifth Circuit was whether the proceeds that the insurer had already agreed to tender were property of the bankruptcy estate. *Id.* It held that, in the "limited circumstances" where "a siege of tort claimants threaten the debtor's estate over and above the policy limits, . . . the proceeds [are] property of the estate." *Id.* at 604.

The "limited" exception does not apply here. Unlike *In re OGA Charters, LLC*, there was no single accident here that resulted in a "siege of tort claimants" against MMA. Instead, MMA is faced with multiple (six, according to the briefing) malpractice suits arising from separate instances of alleged malpractice. Moreover, no settlement has been reached between MMA (and Allied) and the claimants. Finally, no claimant filed an involuntary bankruptcy proceeding against MMA. As such, the Court **DENIES** MMA's Motion for Reconsideration. (Doc. No. 6).

Signed at Houston, Texas, on this the 4th day of June 2025.

Andrew S. Hanen
United States District Judge